IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eddie D. Thomas, | ) | C/A No. 0:10-137-RBH-PJG |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND** |
| Pearl Rice; and | ) | **RECOMMENDATION** |
| Shirley A. Singleton, | ) | |
| Defendants. | ) | |

The Plaintiff, Eddie D. Thomas ("Plaintiff"), a self-represented former state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff was formerly an inmate at Ridgeland Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint, which requests monetary damages for an alleged violation of Plaintiff's due process rights, names SCDC employees as Defendants. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner,

404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

## BACKGROUND

On June 19, 2009, Defendant Pearl Rice, Food Service Supervisor, accused Plaintiff of exposing himself in the prison cafeteria. Plaintiff was subsequently charged with Offense 854 (Exhibitionism & Masturbation), and placed in the Special Management Unit ("SMU") until a disciplinary hearing could be conducted. (Compl., Docket Entry 1 at 3.)

Prior to the hearing, Plaintiff was appointed a counsel substitute, Ms. Black. Plaintiff informed Ms. Black that he had two witnesses who were willing to "verify that [Plaintiff] was not engaging in offense 854" on June 19th. (Id. at 4). Plaintiff's disciplinary hearing was held on July 13, 2009, before Defendant Shirley A. Singleton, Disciplinary Hearing Officer. At that hearing, Ms. Black testified that she interviewed Plaintiff's witnesses, both of whom

Page 2 of 5

PJG

claimed Plaintiff did not expose himself in the cafeteria on the date in question. Plaintiff's accuser, Defendant Rice, was "present by phone" and also gave testimony during the hearing. (Id.) Plaintiff states that he cross-examined Defendant Rice upon the conclusion of her testimony, revealing that "she couldn't properly identify the inmate she is accusing." (Id. at 5.)

Defendant Singleton found Plaintiff guilty based on Defendant Rice's testimony and narrative of the event. The disciplinary conviction resulted in Plaintiff's loss of good time credits, placement in "lock-up" for ninety (90) days, and placement in a pink jumpsuit. Plaintiff states that he unsuccessfully challenged the disciplinary conviction through "Step 2" of the prison's administrative grievance process. (Id.) Plaintiff seeks monetary damages for the defendants' actions. (Id. at 6.)

## DISCUSSION

Plaintiff alleges that his disciplinary conviction was based on insufficient evidence, resulting in a violation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment. Plaintiff seeks compensation for the "extra time spent in a state prison for something [he] didn't do" and for the Defendants' failure to follow policy and procedure or properly investigate Plaintiff's disciplinary charge. (Compl., Docket Entry 1 at 6.) However, Plaintiff's claim is not cognizable under 42 U.S.C. § 1983.[1]

---

[1] A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

PJG

In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. This ruling was subsequently extended to a prisoner's claim for damages regarding loss of good time credits in Edwards v. Balisok, 520 U.S. 641 (1997). While Heck does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, in situations such as Plaintiff's, where the administrative action affected credits toward release based on good time served, Heck bars the § 1983 suit. See Muhammad v. Close, 540 U.S. 749, 751 (2004) ("Heck's requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence"). Since Heck applies in the instant circumstance, and Plaintiff has not shown that his disciplinary conviction and sanctions have been invalidated, he is prohibited from bringing a § 1983 suit for damages based on loss of good time credits.

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

_____

February 25, 2010  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).